UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DARION DION FREDERICK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 24-1361(UNA) |
| | : | |
| REYNOLDS TOBACCO COMPANY, | : | |
| | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

This matter is before the Court on Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The instant complaint is nonsensical. In its entirety, the complaint reads:

> Several addictions have led me to believe a formal question; do you fully understand the things being done?; if not go 2 prison, and stay there. I, WE, have something for everyone; a reality simulation of the choices you already made for yourself in plus 3 times 30 is 90. I represent myself, not the congo of Texas or republic of townsend. Respectfully, Darion Frederick.

Compl. at 1. There simply are no facts alleged, and certainly none that articulate an actual legal claim or establish a basis for this Court's jurisdiction.

The Court cannot exercise subject matter jurisdiction over a "patent[ly] insubstantial" complaint. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to

1

a campaign of surveillance and harassment deriving from uncertain origins."); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))). Plaintiff's failure to state a legal claim, and to establish a basis for this Court's subject matter jurisdiction, call for dismissal of the complaint and this civil action.

    An Order is issued separately.

DATE: June 20, 2024                                    TIMOTHY J. KELLY
                                                         United States District Judge